J-S33030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND BOLLING | : | |
| | : | |
| Appellant | : | No. 312 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004081-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND E. BOLLING | : | |
| | : | |
| Appellant | : | No. 313 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004180-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND EDWARD BOLLING | : | |
| | : | |
| Appellant | : | No. 314 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004183-2017

J-S33030-24

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :         PENNSYLVANIA
                                                    :
             v.                                   :
                                                  :
                                                    :
RAYMOND EDWARD BOLLING              :
                                                    :
           Appellant                    :        No. 315 MDA 2024

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004371-2017

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED: DECEMBER 10, 2024**

Raymond Bolling appeals from the judgment of sentence imposed after he pled guilty to three robberies, attempted robbery, and theft by unlawful taking in four separate cases.[1] He challenges the discretionary aspects of his sentence. Additionally, Bolling's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Upon review, we grant counsel's petition and affirm the judgment of sentence.

These cases arise from a string of robberies on November 6, 2017, in several municipalities in Luzerne County.[2] That day, Bolling robbed a Family

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 901(a)—3701, and 3921.

[2] Additionally, Bolling had a companion case in Schuylkill County, which is not part of this appeal.

- 2 -

Dollar, Ollie's Bargain Outlet, and Weis Markets.[3]  Each time, Bolling gave the clerk a note indicating that: he had a gun; this was not a joke; and the clerk needed to give him the money in the register.  With Bolling's threat to use the gun, the clerks at these stores complied.  Bolling also tried to rob a CVS, but he obtained no money.  In total, Bolling stole $1022.  Bolling was arrested and charged with multiple offenses.

On March 22, 2018, Bolling pled guilty to three counts of robbery, one count of theft by unlawful taking, and one count of attempted robbery; the Commonwealth withdrew the remaining charges.  The parties did not agree whether the sentences for the robberies would be imposed consecutively or concurrently.[4]

On August 3, 2018, the trial court sentenced Bolling to 36 to 72 months' incarceration in the each of the three cases involving robbery, to run consecutively to each other.  The court also imposed sentences of 9 to 18 months' incarceration for theft and 12 to 24 months' incarceration for attempted robbery, both to run concurrently to the robbery sentences. Bolling's aggregate sentence was 9 to 18 years' incarceration with 280 days

_____

[3] Before robbing Weis Markets, Bolling also went to Buddies Bagels.  The clerk there, however, thought it was a joke and refused to comply.  Bolling fled the scene.
[4] Additionally, there was no agreement as to whether the sentences would be imposed consecutively or concurrently to the Schuylkill County case.

credit for time served. No post-sentence motions or appeals were filed at that time.

Five years later, following an amended petition under the Post Conviction Relief Act[5] ("PCRA"), the court reinstated Bolling's direct appeal rights, with the opportunity to file post-sentence motions, on August 6, 2023. Bolling filed motions seeking modification of his sentence, which the court denied.

Bolling filed the instant timely appeal, which we later consolidated. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. As noted above, counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Bolling did not file a counseled or *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which

---

[5] 42 Pa.C.S.A. §§ 9541-9546.

does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, i.e., the contents of an ***Anders*** brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Bolling of counsel's intention

to seek permission to withdraw and advising Bolling of his right to proceed *pro se* or retain new counsel and file additional claims.[6] Because counsel has complied with the procedural requirements for withdrawing from representation, we will review the issue raised by counsel to determine whether Bolling's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Bolling wishes to challenge the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)).

---

[6] Initially, counsel did not include a copy of the letter sent to Bolling advising him of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005) or proof of service of counsel's petition on Bolling. However, following this Court's order to submit these documents, counsel complied.

Bolling has satisfied the first three requirements under **Colon**. Accordingly, we must determine whether Bolling has raised a substantial question.

In his Rule 2119(f) statement, Bolling claims that the trial court abused its discretion when it imposed his sentences consecutively resulting in an excessive sentence. **Anders** Brief at 3. Generally, a claim of excessiveness based on the imposition of consecutive sentences does not raise a substantial question for our review. **See Commonwealth v. Ahmad**, 961 A.2d 884, 887 n.7 (Pa. Super. 2008). It is "in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment" that the imposition of consecutive terms raises a substantial question. **Moury**, 992 A.2d at 171-172; **accord Commonwealth v. Mastromarino**, 2 A.3d 581, 588 (Pa. Super. 2010) (consecutive terms must be "viscerally unreasonable" to raise a substantial question).

Here, Bolling fails to explain in his Rule 2119(f) statement what aspects of his criminal conduct justified the imposition of concurrent sentences or why his criminal conduct did not warrant consecutive sentences. **See Commonwealth v. Faison**, 297 A.3d 810, 836 (Pa. Super. 2023) (stating that, a substantial question did not exist when defendant's bald claim of sentencing error failed to explain why the circumstances of his criminal conduct, or other factors, justified the imposition of concurrent sentences). Furthermore, considering his conduct, we do not view his sentence as "viscerally unreasonable"—he robbed three separate businesses at gunpoint.

As such, Bolling has failed to present a substantial question. Therefore, we will not consider the merits of Bolling's challenge to the discretionary aspects of his sentence. [7]

For the foregoing reasons, we conclude that Bolling's claim on appeal is frivolous. Further, in accordance with **Dempster**, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[7] Even if Bolling had raised a substantial question, we would conclude that the trial court did not abuse its discretion in imposing consecutive sentences. For the robberies, Bolling's most serious crimes, the court imposed standard range minimum sentences which, notably, were at the lowest end of that range. Sentences imposed within the standard range of the sentencing guidelines are presumed to be reasonable. **Commonwealth v. Ventura**, 975 A.2d 1128, 1134 (Pa. Super. 2009). Additionally, we have repeatedly stated that a defendant is not entitled to a volume discount for his crimes. **Commonwealth v. Zirkle**, 107 A.3d 127, 134 (Pa. Super. 2014).

Furthermore, Bolling's claim that he took responsibility for his actions, and in doing so, pled guilty in the Schuylkill County case does not render the trial court's imposition of consecutive sentences an abuse of discretion. Evidently, the trial court did not find that these factors outweighed other relevant factors in this case, particularly, Bolling's unscrupulous conduct and "colorful" history. "We cannot reweigh the sentencing factors and impose our judgment in the place of the sentencing court. **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009). Because the trial court did not abuse its discretion, we would conclude that Bolling's sentencing claims were frivolous.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/10/2024